IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02504-BNB

THOMAS RADICK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
HARLEY LAPPIN, Director, F.B.O.P.,
THE FEDERAL BUREAU OF PRISONS,
MIKE NALLEY, Regional Director, F.B.O.P.,
N. FIELDS, Administrative Remedy Coordinator, North Central Regional Office,
WARDEN GARCIA, F.C.I. Englewood, Colorado,
MR. MARK IPPOLITO, Health Services Administrator, F.C.I. Englewood, Colorado,
DR. KRAUSE, Medical Doctor, F.C.I. Englewood,
MR. GARZA, Physicians Assistant, F.C.I. Englewood,
NURSE WAGONER, Nurse, F.C.I. Englewood, Colorado, and
MRS. LEYBA, Administrative Hearing Officer, F.C.I. Englewood,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 2 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Thomas Radick, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. Radick initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Radick is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Radick will be ordered to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the Mr. Radick is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct . . . ." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the Prisoner Complaint, Mr. Radick purports to assert nine claims. However, instead of including a short and plain statement of his claims showing that he is entitled to relief, Mr. Radick instead directs the Court to a 54 page memorandum that he has attached to his Complaint. Also attached to the Complaint are 81 pages of unexplained documents, including medical records and administrative grievances. Moreover, in the

memorandum attached to the Complaint, Mr. Radick sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

As a result, the Court finds that the Complaint is verbose and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Mr. Radick, therefore, will be directed to file an Amended Complaint complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Radick is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Radick's goal should not be to see how many claims he can assert, but rather to assert his claims in a clear and concise manner. Further, the general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Complaint suffers from other deficiencies. Mr. Radick may not sue the United States of America or the Federal Bureau of Prisons in a *Bivens* action. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Mr. Radick also must name specific defendants in the caption who are responsible for the alleged constitutional

3

deprivations and demonstrate how each named defendant personally participated in the asserted claims in the text of the Complaint. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Mr. Radick must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant, such as Director Harley Lappin, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Radick further is instructed that to state a claim in federal court his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Thomas Radick, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Radick, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Radick fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02504-BNB

Thomas Radick
Reg No. 18207-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk