IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02504-BNB

THOMAS RADICK,

    Plaintiff,

v.

HARLEY LAPPIN, Director, F.B.O.P.,
MIKE NALLEY, Regional Director, F.B.O.P.,
N. FIELDS, Administrative Remedy Coordinator, North Central Regional Office,
RENE GARCIA, Warden, F.C.I. Englewood,
MR. MARK IPPOLITO, Health Services Administrator, F.C.I. Englewood, Colorado,
DR. KRAUSE, Medical Doctor, F.C.I. Englewood,
MR. GARZA, Physicians Assistant, F.C.I. Englewood,
NURSE WAGONER, Nurse, F.C.I. Englewood, and
MRS. LEYBA, Administrative Hearing Officer, F.C.I. Englewood,
MR. WALDO, Case Manager, F.C.I. Englewood, and
MS. DONSANJ, Unit Manager, F.C.I. Englewood,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 2 2011

GREGORY C. LANGHAM
              CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Thomas Radick, is a prisoner in the custody of the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. Radick initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1331 and **Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

On October 22, 2010, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it named improper parties and because it

failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Radick to file an amended prisoner complaint within thirty days. After receiving an extension of time, Mr. Radick submitted an amended complaint on November 26, 2010.

The Court must construe the amended complaint liberally because Mr. Radick is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. **See id.**

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Radick is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

Mr. Radick asserts one claim in the amended complaint. He alleges that he has bone spurs in both feet which cause severe chronic pain. Amended Complaint at 5. He asserts that he received surgery on one of his feet but that the surgery did nothing to alleviate his condition. *Id.* Mr. Radick alleges that the named Defendants employed

by the FCI Englewood have refused to treat his bone spurs and refused to provide him with pain medication. *Id.* Mr. Radick also asserts he has filed grievances against the named Defendants which has resulted in retaliation, including disciplinary reports and physical and verbal abuse. *Id.* at 9. Mr. Radick alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment. He seeks monetary damages in addition to injunctive relief.

Mr. Radick is suing Director Harley Lappin, Regional Director Mike Nally, Administrative Remedy Coordinator Mr. Fields, and Warden Rene Garcia because they allegedly are responsible for the constitutional violations committed by other individuals. Mr. Radick also asserts that he notified Defendants Lappin, Nally, and Garcia of constitutional violations committed by defendants under their supervision by mailing letters to them. He further alleges that his wife has sent emails to these Defendants.

These allegations fail to establish the personal participation of Defendants Lappin, Nally, Fields, and Garcia. Mr. Radick was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of ***respondeat superior*. See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). This is because

3

"§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, the Tenth Circuit has held that receiving correspondence from an inmate does not demonstrate the personal participation required to trigger personal liability under § 1983. **Davis v. Ark. Vally Corr. Facility**, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation). Mr. Radick has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Radick fails to assert that Defendants Lappin, Nally, Fields, and Garcia personally participated in violating his constitutional rights, they are improper parties to the action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Radick's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Harley Lappin, Mike Nally, Mr. Fields, and Rene Garcia are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 12th day of January, 2011.

BY THE COURT:

_Zita Leeson Weinshienk_
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02504-BNB

Thomas Radick
Reg No. 18207-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 12, 2011.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                          Deputy Clerk