IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02504-DME-KLM

THOMAS RADICK,

      Plaintiff,

v.

MARK IPPOLITO, Health Services Administrator, FCI Englewood,
DR. KRAUSE, Physician, FCI Englewood,
MR. GARZA, Physician's Assistant, FCI Englewood,
NURSE WAGONER, Nurse, FCI Englewood,
MRS. LEYBA, Administrative Hearing Officer, FCI Englewood,
MR. WALDO, Case Manager, FCI Englewood,
MS. DONSANJ, Unit Manager, FCI Englewood, and
MR. WATTS, F.B.O.P. Administrative Remedy Coordinator, Central Office, in his official
and individual capacity,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion Requesting Clarification of Minute Order and Motion Requesting Enforcement of Preliminary Injunction with Order for Immediate Medical Treatment** [Docket No. 54; Filed February 16, 2011] (the "Motion").  The Court construes the Motion as seeking entry of a preliminary injunction directing the Bureau of Prisons, "its agents, employees, and staff to facilitate a transfer [of Plaintiff] to a medical Institution, preferably Rochester Federal Medical Center, for immediate treatment and care, or in the alternative, to . . . transport him to a Hospital of [the Court's] choice and have [ ] operations performed as needed."  *Motion* [#54] at 2.

      The Motion does not contain a certification that it was served upon Defendants as

required by Fed. R. Civ. P. 65(a)(1) (requiring notice to an opposing party of a motion for a preliminary injucntion) and D.C.COLO.LCivR 5.1G (requiring that a certificate of service upon all parties be attached to every motion filed with the Court).  The Motion is subject to denial on this basis alone.  Although Plaintiff is proceeding *pro se*, he is still required to comply with the Rules of this Court.  *Green v. Dorell*, 969 F.2d 915, 917 (10th Cir. 1992).

Pursuant to Fed. R. Civ. P. 65(a), "a preliminary injunction [may issue] only on notice to the adverse party."  As this case was only recently drawn to a District Judge and a Magistrate Judge, some Defendants have not yet been served, and no Defendant has entered an appearance.  *See Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [Docket No. 14; Entered January 12, 2011]; *Order of Reference to United States Magistrate Judge* [Docket No. 15; Entered January 19, 2011].  Accordingly, Defendants did not receive electronic notice of the Motion through the ECF system, and the Court cannot enter a preliminary injunction.  Although the Court could liberally construe the Motion as one seeking a temporary restraining order, it need not do so because the Motion does not contain "specific facts in an affidavit [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *See* Fed. R. Civ. P. 65(b)(1).

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#54] is **DENIED without prejudice**.

If Plaintiff wishes to refile the Motion, he must comply with the Federal Rules of Civil Procedure and this Court's Local Rules regarding service on Defendants.  Plaintiff also must provide additional detail about the nature of his alleged injury and its emergent and irreparable nature.  *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d

1256, 1260 (10th Cir. 2004) (citations omitted).  In its current form, the Motion is subject to denial because it is based on conclusory, undetailed allegations.  *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)); *see also Bryant v. NFL, Inc.*, No. 07-cv-02186, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that conclusory allegations will not support a motion for injunctive relief).

Dated:  February 18, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge