IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02504-DME-KLM

THOMAS RADICK,

Plaintiff,

v.

MARK IPPOLITO, Health Services Administrator, FCI Englewood,
DR. KRAUSE, Physician, FCI Englewood,
MR. GARZA, Physician's Assistant, FCI Englewood,
NURSE WAGONER, Nurse, FCI Englewood,
MRS. LEYBA, Administrative Hearing Officer, FCI Englewood,
MR. WALDO, Case Manager, FCI Englewood,
MS. DONSANJ, Unit Manager, FCI Englewood, and
MR. WATTS, F.B.O.P. Administrative Remedy Coordinator, Central Office, in his official and individual capacity,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Summary Judgment** [Docket No. 86; Filed May 20, 2011] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 90] in opposition to the Motion on June 13, 2011. Defendants have not filed a reply.[1] Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is

---

[1] The Court is not required to wait for Defendants to reply before it issues a recommendation regarding disposition of the Motion. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#86] be **GRANTED**.

## I. Summary of the Case

Plaintiff is a *pro se* inmate currently confined at the Federal Correctional Institution ("FCI") in Englewood, Colorado. *Motion* [#86] at 1. On October 14, 2010, Plaintiff filed a Complaint [Docket No. 3] in which he alleged that Defendants violated his constitutional rights by failing to provide him with adequate medical treatment for his bone spurs. On October 22, 2010, Plaintiff filed an Amended Complaint [Docket No. 13], which is the operative pleading for purposes of resolution of the Motion. Plaintiff claims that Defendants violated the rights guaranteed to him by the Eighth Amendment by giving him inadequate medical care.[2]

Defendants contend that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this case. *Motion* [#86] at 7-8.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

---

[2] In his Amended Complaint [#13], Plaintiff makes reference to the First, Fifth, Eighth, and Fourteenth Amendments. At bottom, however, Plaintiff's claims concern the medical treatment he has been provided while incarcerated. Therefore the Court interprets his claims as based upon alleged violations of the Eighth Amendment. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that the Court may recharacterize the claims of a *pro se* plaintiff so as to "create a better correspondence between the substance of [the claims] and [their] underlying legal basis").

issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded.

*See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Amended Complaint [#13] and Response [#90], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out his complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**III. Analysis**

Defendants contend that they are entitled to summary judgment in their favor because undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies as required by the PLRA before filing this case. *Motion* [#86] at 15. The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left

to the discretion of the district court, but is mandatory.”).

A prisoner plaintiff is not required to specifically plead that he has exhausted his available administrative remedies or to attach exhibits proving exhaustion to his complaint. *Jones*, 549 U.S. at 216. The burden is therefore on defendants to raise failure to exhaust as an affirmative defense in a motion for summary judgment. *Id.* If the evidence produced by the parties shows that there are no genuine factual issues preventing a finding that the plaintiff did not properly exhaust his available administrative remedies, the complaint must be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 n.1 (D. Kan. Apr. 16, 2008) (unreported decision) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Prison facilities are tasked with the responsibility of establishing administrative review procedures for addressing prisoner grievances. To satisfy the PLRA exhaustion requirement, a prisoner plaintiff “must ‘complete the administrative review process in accordance with the applicable procedural rules’ – rules that are defined not by the PLRA, but by the prison grievance process itself.” *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88); *see also id.* (“The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison’s requirements, and not the PLRA, that define the boundaries of proper exhaustion.”); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (“Even where the ‘available’ remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.” (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001))). “Compliance with prison grievance procedures . . . is all that is

required by the PLRA to properly exhaust," *Jones*, 549 U.S. at 218, but compliance must be **complete**, i.e., the inmate must abide by **all** of the "agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90-91. Complete compliance is required "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* Accordingly, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The Bureau of Prisons ("BOP") grievance procedures applicable to this case are described in the affidavit of BOP Senior Attorney Theresa Montoya. *Declaration of Theresa Montoya* [Docket No. 86-1]. Pursuant to the BOP's grievance policy, inmates must grieve any alleged injuries or unlawful conduct by pursuing a four-step process: (1) the inmate must attempt informal resolution with prison staff; (2) after receiving a response from the prison staff, the inmate must appeal the response to the warden; (3) upon completion of the warden's review, the inmate must appeal the warden's decision to the BOP regional director; and (4) finally, the inmate fully exhausts his administrative remedies by appealing the regional director's decision to the BOP General Counsel's Office in Washington, D.C. (hereinafter, the "Central Office"). *Id.* at 2-3. Each step of this process ordinarily must be completed within a certain time period or the inmate's grievance is considered waived. *Id.* If an inmate fails to follow proper procedure or timely file any of the required appeals, his grievance will be rejected. In some instances an inmate may be granted additional time to cure a defect and resubmit an appeal. *Id.* at 3.

Defendants contend that it is undisputed that "Plaintiff did not exhaust any claims

he seeks to raise in this Court by filing a proper administrative claim with the Central Office." *Motion* [#86] at 3. In support of this contention, Defendants cite the affidavit of Ms. Montoya in which she states that BOP tracks the grievances filed by inmates, and that Plaintiff has not exhausted his administrative remedies with respect to any claim asserted in his Amended Complaint. *Declaration of Theresa Montoya* [#86-1] at 10. The final step in the four-step grievance process requires that Plaintiff file a "Central Office Administrative Remedy Appeal." *Id.* at 3. Ms. Montoya states as follows: "While Plaintiff did file one [appeal] at the Central Office level, [it] was rejected because Plaintiff failed to comply with grievance procedures. Although he was given an opportunity to cure the defect and resubmit his appeal, Plaintiff failed to do so." *Id.*

The Court finds that Defendants have met their initial burden of making a prima facie showing that Plaintiff failed to properly exhaust his administrative remedies with BOP. The burden therefore shifts to Plaintiff to show the existence of a genuine factual dispute about whether he properly exhausted. To carry this burden, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial." *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988). Read liberally, Plaintiff's Response [#90] sets out three arguments that genuine, material factual disputes exist.[3] First, Plaintiff contends that he did in fact properly file administrative grievances to "all levels of review," including the BOP

[3] The Court notes that because Plaintiff's Response [#90] was sworn under penalty of perjury, the Court may treat it as an affidavit. *See Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1018-19 (10th Cir. 1992). "A district court may treat a verified [pleading] as an affidavit for purposes of summary judgment if it satisfies the standards set out in Rule 56(e)." *Id.* at 119 (internal quotation omitted). "According to Rule 56(e), an affidavit must 'be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent . . . .'" *Id.* (quoting Fed. R. Civ. P. 56(e)). However, the Court "need not treat a verified [pleading] as an affidavit if the allegations contained in the pleading are merely conclusory." *Id.* (citation omitted).

"Office of General Counsel." *Response* [#90] at 3. Second, Plaintiff contends that he submitted all appropriate grievances, but they were "not responded to at all." *Id.* Finally, Plaintiff asserts that he has filed "at least 59 various grievances, letters, complaints, internal affairs statements, written request slips and numerous other documents," and he contends this should be sufficient to satisfy the PLRA's exhaustion requirement. *Id.* at 5.

The Court may reject "conclusory and self-serving statements [from an] affidavit and pleadings" that are offered to explain a prisoner's failure to exhaust. *Thomas v. BOP*, No. 07-1426, 2008 WL 2498049, at *3 (10th Cir. June 24, 2008) (unreported decision). A plaintiff's "conclusory and self-serving statements, even if presented in an affidavit, are insufficient to create a genuine issue of fact to survive summary judgment." *Id.*; *see also Conaway*, 853 F.2d at 792 n.4 ("[A] nonmoving party may not rely merely on the unsupported or conclusory allegations contained in pleadings to rebut the movant's factual proof in support of the motion for summary judgment.").

In this case, the Court finds that Plaintiff has not carried his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies. Although Plaintiff has attached to his Response voluminous documentation of his correspondence with BOP, none of these documents suggests that he did in fact properly file a Step Four grievance with the Central Office.[4] Plaintiff has not attached a copy of a

---

[4] Plaintiff has included over 250 pages of material with his Response [#90]. Because Plaintiff fails to specifically direct the Court's attention to relevant factual information in this material, he cannot rely on it as evidence that supports his allegations. The Court "has neither the duty nor the inclination to scan the entire record in search of support for Plaintiff's . . . claim." *Klen v. Colo. State Bd. Of Agric.*, No. 05-cv-02452-EWN-CBS, 2007 WL 2022061, at *23 (D. Colo. July 9, 2007) (unreported decision); *see also Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992) ("[The Court] will not search the record in an effort to determine whether there exists . . . evidence which might require submission of the case to a jury."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs,

Step Four Grievance form that he purportedly filed. Moreover, Plaintiff has not made any factual allegations (e.g., the date he purportedly filed a Step Four grievance) that support his position. Plaintiff therefore has not provided the Court with "actual evidence that would allow the it to conclude that [a Step Four grievance] was in fact submitted." *Allen v. Schmutzler*, No. 07-cv-01224, 2010 WL 618489, at *6 (D. Colo. Feb. 18, 2010) (unreported decision). Plaintiff's naked assertion in his Response that he did exhaust is insufficient to establish a genuine issue of material fact. *See BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999) ("While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth *facts*, not conclusory statements." (emphasis added)); *see also Wallin v. Dycus*, No. 03-cv-00174, 2009 WL 2490127, at *5 (D. Colo. Aug. 13, 2009) (unreported decision) (noting that a plaintiff "cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations").

With respect to Plaintiff's second contention, i.e., that the Central Office failed to respond to his Step Four grievance, the Court finds that without proof that Plaintiff actually properly filed such a grievance, this contention is also conclusory. *See Bell v. Ward*, 189 F. App'x 802, 804 (10th Cir. 2006); *see also Maclary v. Carroll*, 142 F. App'x 618, 620 (3d Cir. Aug. 9, 2005) (unreported decision) (holding that plaintiff's "bare assertions" that his grievances were "unanswered and unprocessed" did not create a genuine issue of material fact). The Court need not accept Plaintiff's statement as true when it is "blatantly contradicted by the [evidentiary] record." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Here,

---

hunting for truffles buried in briefs.").

Plaintiff's assertion is "blatantly contradicted" by Ms. Montoya's affidavit.

Finally, Plaintiff's third contention, i.e., that filing fifty-nine grievances sufficiently exhausted his administrative remedies, fares no better. Simply put, the PLRA requires "**strict compliance**" with BOP's administrative grievance procedures. *Chavez v. Thorton*, No. 05-cv-00607, 2008 WL 2020319, at *4 (D. Colo. May 9, 2008) (unpublished decision) (holding that an inmate's handwritten letter complaining about prison conditions did not comply with the prison's grievance procedure because it was not drafted on a required grievance form). The decisions of the Supreme Court and the Court of Appeals for the Tenth Circuit have made it very clear that compliance with prison grievance procedures must be **exact**, even when such compliance is burdensome or procedurally complex. *See Jernigan*, 304 F.3d at 1032 (explaining that "substantial compliance" with administrate remedy procedures is inadequate, and expressly rejecting the argument that "'inmates do not have to properly complete the grievance process, [or] correct [procedural] deficiencies'" (quoting an inmate plaintiff's brief)); *Booth*, 532 U.S. at 732 (holding that the PLRA does not require that administrative remedy procedures be "plain, speedy, and effective"); *Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010) ("'Plaintiff's disagreement with prison officials as to the appropriateness of a particular procedure under the circumstances, or his belief that he should not have to correct a procedural deficiency does not excuse his obligation to comply with the available process.'" (quoting *Abdulhaseeb v. Calbone*, No. 05-cv-1211-W (W.D. Okla Feb. 12, 2008) (unreported decision) (report and recommendation adopted by the district court))).

Moreover, it is not the Court's place to second guess the necessity or wisdom of

administrative grievance procedures like BOP's requirement that an inmate properly complete four steps. *See Wright*, 260 F.3d at 358 (noting that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems"); *see generally Mower v. Swyhart*, 545 F.2d 103, 104 (10th Cir. 1976) ("Where [an] administrative remedy is clearly available, it would be totally inappropriate for [a] court to interfere in the internal administration of [a] prison." (citation omitted)). The avenues to comply with BOP's grievance procedure are well articulated. The fact that Plaintiff filed numerous grievances with FCI staff, the warden at FCI, and BOP's regional director do not excuse his failure to pursue any grievance to Step Four review by the Central Office.

As Plaintiff has provided no evidence beyond his Response [#80] and accompanying document dump, *see supra* n.4, there is nothing to refute Ms. Montoya's affidavit stating that Plaintiff failed to exhaust his administrative remedies with respect to the conduct at issue in his Amended Complaint. *See Declaration of Theresa Montoya* [#86-1] at 10. Accordingly, the Court concludes that Defendants are entitled to entry of summary judgment in their favor.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' **Motion for Summary Judgment** [#86] be **GRANTED**.

The Court FURTHER **RECOMMENDS** that this case be **DISMISSED without prejudice**. *See Fields*, 511 F.3d at 1113 (stating that dismissal of unexhausted claims on

summary judgment should be without prejudice).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 28, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge