**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-02504-DME-KLM

THOMAS RADICK,

      Plaintiff,

v.

MARK IPPOLITO, Health Services Administrator, FCI Englewood,
DR. KRAUSE, Physician, FCI Englewood,
MR. GARZA, Physician's Assistant, FCI Englewood,
NURSE WAGONER, Nurse, FCI Englewood,
MRS. LEYBA, Administrative Hearing Officer, FCI Englewood,
MR. WALDO, Case Manager, FCI Englewood,
MS. DONSANJ, Unit Manager, FCI Englewood, and
MR. WATTS, F.B.O.P. Administrative Remedy Coordinator, Central Office, in his official and individual capacity,

      Defendants.

---

**ORDER TO DENY MOTION TO RECUSE;**
**FILE RESPONSIVE PLEADING;**
**AND REFER TO UNITED STATES MAGISTRATE**

---

This matter comes before the Court on Motion for Summary Judgment filed by Defendants (Doc. 86); Magistrate Judge Kristen L. Mix's Recommendation (Doc. 94) (the "Recommendation") that the motion be granted and the case dismissed without prejudice; Plaintiff's Response and Objection to that recommendation (Doc. 98); and Plaintiff's Motion for Recusal of Magistrate Judge Mix (Doc. 97).

For the reasons that follow, the Court DENIES Plaintiff's motion to recuse Magistrate Judge Mix. The Court also concludes that it cannot rule on the Motion for Summary Judgment

until the Court has heard from all Defendants. Accordingly, the Court now ORDERS Defendant Watts to file a responsive pleading within twenty-one days of the entry of this order.

A. **Background**

Thomas Radick ("Radick"), a federal prisoner proceeding pro se, was incarcerated at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood"). In November 2010, he filed suit under 42 U.S.C. § 1983 against the medical staff of FCI Englewood as well as various other prison officials, claiming that they had denied him medical care in violation of the Eighth Amendment. Radick moved to amend his complaint to add a Mr. Watts as a defendant. Watts is the Administrative Remedy Coordinator at the Central Office of the Bureau of Prisons ("BOP"), in Washington, D.C. Radick alleged in his motion to amend that Watts had attempted "to subvert the process of exhausting the Administrative Remedies." Doc. 29 at 1. In an order dated February 7, 2011, Magistrate Judge Mix granted Radick's motion to amend and ordered Watts added as a defendant. In a second order, also dated February 7, 2011, Magistrate Judge Mix ordered that Watts be served with a copy of Radick's Amended Complaint (Doc. 13), Radick's Motion to Amend Original Complaint (Doc. 29), the summons, and all other orders in the case. On March 18, 2011, the summons was returned unexecuted as to Defendant Watts. On May 20, 2011, before Watts was served, the other Defendants moved for summary judgment on the grounds that Radick had failed to exhaust administrative remedies. In support of their motion, Defendants attached the declaration of Theresa Montoya, an attorney with the BOP, who asserted that Radick had failed to exhaust his remedies under the BOP's four-tiered administrative procedure for inmate grievances. Watts eventually was served on June 8, 2011, and the summons was returned executed on June 14, 2011.

Two weeks after Watts was served, but during his window of time for filing an answer or other responsive pleading, Magistrate Judge Mix issued her Recommendation that Defendants' motion for summary judgment be granted. In light of that Recommendation, Watts moved to stay the time for filing his responsive pleading pending this Court's ruling on the Recommendation. Watts asserted that the Recommendation would, if adopted by this Court, "be equally applicable to Defendant Watts." Doc. 99 at 2. The Court granted Watts's motion to stay.

### B. Discussion

#### 1. Radick's motion to recuse Magistrate Judge Mix

In support of his motion to recuse Magistrate Judge Mix, Radick states that "All of the Plaintiffs [sic] Motions, requests for Appointment of Counsel, and all filings have been denied, rejected, or ruled upon against this Plaintiff." Doc. 97 at 2. Radick also claims that Magistrate Judge Mix is "not reading or constru[ing] any of the Plaintiff's filings or responses or Exhibits in a fair, liberal, or just manner," and that Magistrate Judge Mix's rulings "have not been impartial." Id. The Court disagrees.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In applying § 455(a), the magistrate's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the magistrate's impartiality. Nichols v. Alley, 71 F.3d 347, 350–51 (10th Cir. 1995); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). This standard is purely objective, and this Court's inquiry is limited "to outward manifestations

and reasonable inferences drawn therefrom." Nichols, 71 F.3d at 350–51. In applying this test, the Court initially inquires "whether a reasonable <u>factual</u> basis exists for calling the judge's impartiality into question. Cooley, 1 F.3d at 993.

The Court concludes that no factual basis exists for calling Magistrate Judge Mix's impartiality into question. Radick has presented only his personal opinion that Magistrate Judge Mix is not handling his case impartially. And recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir. 1986). Further, to the extent that Radick's request is based upon Magistrate Judge Mix's various rulings against him, the mere fact that a magistrate judge rules adversely to a litigant does not establish prejudice or bias. Cf. United States v. Gigax, 605 F.2d 507, 511–14 (10th Cir. 1979) (concluding that a judge who expressed his opinions and concerns about a defendant's legal arguments was not required to recuse himself under § 455), <u>overruled on other grounds by</u> United States v. Lang, 364 F.3d 1210, 1216 n.3 (10th Cir. 2004). Therefore, the allegations do not rise to the level of bias under § 455(a).

Accordingly, the Court DENIES Plaintiff's motion to recuse Magistrate Judge Mix.

**2.  Defendants' Motion for Summary Judgment**

**a.  Defendant Watts's response is essential**

Defendants' motion for summary judgment, and Magistrate Judge Mix's Recommendation regarding that motion, rest on the Defendants' affirmative defense of failure to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007). As Magistrate Judge Mix notes, once Defendants have carried their burden to raise that defense, the burden shifts to Plaintiff to show the existence of a genuine factual dispute as to whether or not he has

exhausted his administrative remedies. See Doc. 94 at 7. Magistrate Judge Mix concluded that Radick, in his response to Defendants' motion for summary judgment, failed to show any genuine factual dispute. The Court agrees that Radick's response to the motion for summary judgment is inadequate to defeat summary judgment.

However, the Court cannot rule on the Defendants' motion for summary judgment before Defendant Watts has filed a responsive pleading, for three reasons. First, under Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court liberally construes Radick's Motion to Amend Original Complaint as itself an amendment or addendum to the existing Amended Complaint,[1] and Radick's motion appears to raise a distinct claim against Watts for the violation of Radick's constitutional rights in connection with Watts's alleged interference with Radick's administrative appeals at the Central Office level. See Doc. 29 at 1. Watts must eventually respond to those allegations. Moreover, the existing motion for summary judgment does not address Radick's claim against Watts.

Second, another purpose of adding Watts as a defendant was apparently to support Radick's assertion that he has exhausted his remedies with respect to his claims against the other Defendants, or that his failure to do so should be excused. The evidence submitted by the Defendants other than Watts in support of their motion for summary judgment indicates that Radick filed only one administrative appeal with the Central Office, as required under the BOP's four-step grievance process. That appeal, numbered 589160-A1, was returned to Radick as procedurally deficient, in part because copies of his lower-level appeals (at the institutional and

---

[1] Magistrate Judge Mix appears also to have construed it as such when she ordered a copy of the Motion to Amend Original Complaint to be served on Watts. See Doc. 36.

regional levels) were not attached to it. Thus, Defendants assert, Radick failed to exhaust administrative remedies. However, the Prison Litigation Reform Act requires a prisoner to exhaust only such remedies "as are available," see 42 U.S.C. § 1997e(a), and remedies are not "available" when "'prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself'" of those remedies, Tuckel v. Grover, 660 F.3d 1249, 1252 (10th Cir. 2011) (quoting Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010)). Stated another way, "courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223 (10th Cir. 2007). As it stands, and liberally construing Radick's pro se amended complaint, his motion to amend the original complaint, and his response to Magistrate Judge Mix's Recommendation, Radick alleges that Defendant Watts has interfered with his administrative appeal by, apparently, removing the copy of his regional appeal from his Central Office appeal, and then returning the regional appeal to Radick while asserting that the Central Office appeal was deficient. See Doc. 29 at 1; Doc. 98 at 6. Before this Court rules on whether Radick has in fact failed to exhaust available administrative remedies, the Court would prefer to have Watts's response to these allegations.

Finally, and perhaps most critically, to the extent that the Defendants' motion for summary judgment was filed nearly three weeks before Defendant Watts was served in this case, the Court now disagrees with Watts's apparent contention that the motion, along with Magistrate Judge Mix's Recommendation on that motion, are "equally applicable" to him. Only a "party" may move for summary judgment. See Fed. R. Civ. P. 56(a). Where, as here, a plaintiff sues an employee of the United States in the employee's official and individual capacities, the plaintiff must serve process on both the United States and on the employee individually. See Fed. R. Civ.

P. 4(i)(3). Until a person is properly served, a federal court has no personal jurisdiction over that person. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). An employee of the United States sued in his individual and official capacities is therefore not properly a party to the litigation until served in accordance with Fed. R. Civ. P. 4(1)(3).[2] Defendant Watts cannot have moved for summary judgment before becoming a proper party to this litigation, therefore, the pending motion for summary judgment cannot apply to him. Indeed, the pending motion is expressly made by all Defendants except Watts, and notes that "[n]o other parties appear here for any purpose." Doc. 86 at 1 & n.1. Moreover, as mentioned above, the pending motion for summary judgment has no relevance to the claim that Radick asserts against Watts. Defendant Watts must file his own responsive pleading.

Accordingly, the Court orders Defendant Watts to file an answer or other responsive pleading within twenty-one days of the date of this order. In that pleading, Watts should, at a minimum, address the allegations of interference contained in Radick's Motion to Amend (Doc. 29), specifically as they pertain to Radick's Remedy ID 589160-A1, which on this record is the only relevant one of Radick's grievances to be filed at the Central Office.[3] Watts shall also ensure that Radick is served with the responsive pleading at the most recent address on file with

---

[2] Fed. R. Civ. P. 4(i)(4), which requires that a party have a reasonable time to cure its failure to effect proper service on the United States appears inapposite insofar as its purpose is to protect the plaintiff against "loss of substantive rights against the United States or its . . . officers resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served." Fed. R. Civ. P. 4(i) advisory committee's note (1993). The Court does not read Rule 4(i)(4) to permit a defendant to move for summary judgment before being served with process.

[3] Radick vigorously asserts that two other Administrative Remedies, Nos. 577568-A2 and 610521, which were filed with the Central Office, suffice to exhaust his administrative remedies. See Doc. 98 at 2, 3, 4, 5. However, neither is relevant to this claim. No. 577568-A2 involved Radick's request for a transfer, not a complaint about the denial of medical care. And No. 610521 was filed after Radick commenced this litigation.

the Court.  If Watts files a document that requires a response, for example a motion to dismiss or a motion for summary judgment, Radick shall have twenty-one days from the date of service to file a response.

The matter remains referred to United States Magistrate Judge Mix, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), and this Court's Order of Reference dated January 19, 2011 (Doc. 15).  Upon the filing of Watts's responsive pleading, and Radick's reply, if any, the Court requests that Magistrate Judge Mix reconsider the matter and submit to this Court her proposed findings of fact and recommended disposition.

The Court orders as follows:

1. Plaintiff's motion to recuse Magistrate Judge Mix is DENIED.

2. Defendant Watts is ORDERED to file a responsive pleading within twenty-one days of the date of this order, addressing in particular Plaintiff Radick's claims that Watts interfered with Radick's Remedy No. 589160-A1.  Defendant Watts shall ensure that his pleading is served on Plaintiff Radick at the most recent address on file with the Court.

3. If Defendant Watts files a responsive pleading that itself requires a response, Plaintiff Radick shall have twenty-one days from being served to respond if he chooses.

4. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), United States Magistrate Judge Mix remains designated to conduct proceedings in this action as specified in this Court's Order of Reference dated January 19, 2011 (Doc. 15).  Upon receipt of Defendant Watts's responsive pleading, and Plaintiff

Radick's reply, if any, Magistrate Judge Mix is requested to reconsider the matter, and submit her proposed findings of fact and recommendations for rulings disposition.

Dated this \_\_\_7th\_\_\_ day of \_\_March\_\_\_, 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE