IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02504-DME-KLM

THOMAS RADICK,

    Plaintiff,

v.

MARK IPPOLITO, Health Services Administrator, FCI Englewood,
DR. KRAUSE, Physician, FCI Englewood,
MR. GARZA, Physician's Assistant, FCI Englewood,
NURSE WAGONER, Nurse, FCI Englewood,
MRS. LEYBA, Administrative Hearing Officer, FCI Englewood,
MR. WALDO, Case Manager, FCI Englewood,
MS. DONSANJ, Unit Manager, FCI Englewood, and
MR. WATTS, F.B.O.P. Administrative Remedy Coordinator, Central Office, in his official and individual capacity,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Harrell Watts' ("Watts") **Motion to Dismiss** [Docket No. 108; Filed March 26, 2012] and **Motion for Summary Judgment** [Docket No. 109; Filed March 26, 2012]. Plaintiff, who is proceeding *pro se*, did not file Responses in opposition to the Motions. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that Defendant Watts' **Motion to Dismiss** [#108]

be **GRANTED IN PART, DENIED IN PART and DENIED AS MOOT IN PART**, that Defendant Watts' **Motion for Summary Judgment** [#109] be **GRANTED**, and that Plaintiff's Amended Complaint be **DISMISSED without prejudice**.

### I. Summary of the Case

Plaintiff is a *pro se* inmate currently confined at the Federal Correctional Institution ("FCI") in Englewood, Colorado. *Decl. of Montoya* [#86-1] ¶ 2. On October 14, 2010, Plaintiff filed a Complaint [#3] in which he alleges that Defendants violated his Eighth Amendment constitutional rights by failing to provide him with adequate medical treatment for his bone spurs. *See also Recommendation* [#94] at 2 n.2.

On November 26, 2010, Plaintiff filed an Amended Complaint [#13], which is the operative pleading for purposes of resolution of the Motion.[1] The Amended Complaint added Defendant Watts, the Administrative Remedy Coordinator at the Central Office of the Bureau of Prisons, because, in short, he attempted "to subvert the process of exhausting Administrative Remedies." *Motion to Am.* [#29] at 1. Defendant Watts was not served with the Amended Complaint until June 8, 2011. *Summons* [#91].

On May 20, 2011, all Defendants other than Defendant Watts filed a motion for summary judgment contending that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this case. *MSJ* [#86] at 7-8. Before Defendant Watts' answer or other responsive pleading was due, the Court issued a Recommendation that the motion for summary

---

[1] Both the undersigned and the District Judge construe Plaintiff's Motion to Amend Original Complaint [#29] as an amendment or addendum to the Amended Complaint [#13]. *See Order* [#107] at 5 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) & 5 n.1.

judgment be granted. Because of Plaintiff's allegations that Defendant Watts interfered with Plaintiff's ability to exhaust his administrative remedies, the District Judge ordered Defendant Watts to file an answer or other responsive pleading before a ruling would issue on the other Defendants' motion for summary judgment and the undersigned's Recommendation. *Order* [#107] at 7. On March 26, 2012, Defendant Watts filed the present Motions.

Plaintiff asserts that Defendant Watts denied his BP-10[2] and BP-11[3] appeals on the stated basis that Plaintiff failed to enclose the required BP-10 documents with his BP-11 appeal filing. *Motion to Am.* [#29] at 1. Plaintiff asserts that when his BP-11 was denied, the BP-10 was returned to him, in spite of Defendant Watts' assertion that the documents had not been enclosed. *Id.* Plaintiff alleges that these events occurred five times. *Id.*

In the Motion to Dismiss, Defendant Watts argues pursuant to Fed. R. Civ. P. 12(b)(2) that the Court lacks personal jurisdiction over him. *See Motion to Dismiss* [#108] at 3-5. He also argues pursuant to Fed. R. Civ. P. 12(b)(6) that: (1) the Bureau of Prison's administrative remedy process does not create a liberty interest; (2) Plaintiff has not alleged facts to support a conspiracy claim; and (3) Plaintiff's claims are barred by the doctrine of qualified immunity. *See id.* at 5-7. Finally, Defendant Watts argues pursuant to Fed. R. Civ. P. 12(b)(1) that any official capacity claims are barred by sovereign immunity. *See id.* at 7-8.

---

[2] A BP-10 is a Step Two formal Administrative Remedy Request that is an appeal to the Regional Director, made after denial of a Step One complaint by an inmate. *Decl. of Montoya* [#109-1] ¶ 3.

[3] A BP-11 is a Step Three formal Administrative Remedy Request that is an appeal to the General Counsel, made after denial of a Step Two appeal. *Decl. of Montoya* [#109-1] ¶ 3.

In the Motion for Summary Judgment, Defendant Watts argues that Plaintiff failed to complete the administrative remedy process with respect to his complaint against Defendant Watts. In support, Defendant Watts presented evidence that Plaintiff filed a BP-11 appeal on June 3, 2010, which was rejected because: 1) Plaintiff failed to submit the appeal on the proper form, and 2) Plaintiff failed to include complete copies of his BP-9 and BP-10 appeals. *Decl. of Montoya* [#109-1] ¶¶ 7-8. Defendant Watts asserts that he did not remove a copy of Plaintiff's BP-10 appeal from Plaintiff's BP-11 filing. *Decl. of Watts* [#109-2] at 3. Plaintiff was informed that he could correct the problems with his submission and resubmit his appeal within fifteen days of the notice, but Plaintiff did not do so. *Decl. of Montoya* [#109-1] ¶ 9. Further, Plaintiff failed to file an administrative grievance at any level against Defendant Watts for his alleged interference with Plaintiff's administrative grievances. *Id.* ¶ 10.

## II. Standard of Review

### A.  Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); see Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or

factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v.. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.   Fed. R. Civ. P. 12(b)(2)**

As a court of limited jurisdiction, this Court may only exercise jurisdiction over non-resident Defendant Watts if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that the defendant have "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This requirement protects a defendant from "being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). The defendant must have "fair warning that a particular activity may subject [him] to jurisdiction." *Id.* Minimum contacts may be established either generally or specifically:

> Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant has with the forum state, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. Under either theory of jurisdiction, the defendant's contact must be substantial enough so that exercising personal jurisdiction "does not offend traditional notions of fair play and substantial justice."

*United States v. Botefuhr*, 309 F.3d 1263, 1271-72 (10th Cir. 2002) (citations omitted). Here, Defendant Watts asserts that this Court lacks personal jurisdiction over him, as he does not have the required minimum contacts with the State of Colorado.

**C.     Fed. R. Civ. P. 56**

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).

A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's filings, the Court is mindful that it must construe the

filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out his complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

As a preliminary matter, Plaintiff's failure to respond to the Motions may be grounds for dismissal of his case because Plaintiff was directed by the District Judge to file his responses to the Motions by a certain date. *See* Fed. R. Civ. P. 41(b); *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Order* [#107] at 8. By Court order, the District Judge directed Plaintiff to respond within twenty-one (21) days of service of a responsive pleading by Defendant Watts. *Order* [#107] at 8. Defendant Watts' Motions clearly state that the requested relief is dismissal of Plaintiff's action. As such, dismissal may be appropriate based on Plaintiff's failure to follow the District Judge's Order. However, due to the judicial system's strong preference for resolving cases on their merits, the Court considers the other assertions made by Defendant Watts in support of his Motions.[4]

---

[4] Although dismissal may be contemplated by Fed. R. Civ. P. 41(b), Defendant Watts did not seek dismissal on this basis. Further, while some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See, e.g.*, D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se*

A.      **Subject Matter Jurisdiction**

Defendant Watts seeks to dismiss Plaintiff's claim for monetary damages against him in his official capacity because there is no waiver of sovereign immunity. The United States, as a sovereign, is immune from suit unless it has waived its immunity. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "Because the jurisdiction of federal courts is limited, there is a presumption against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir.2005) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999)).

There is no indication in the record that the United States has waived its sovereign immunity as to the availability of money damages for Plaintiff's claim. Based on a careful review of the record, the Court finds that Plaintiff's claim for monetary damages against Defendant Watts in his official capacity is barred by sovereign immunity and is properly dismissed for lack of subject matter jurisdiction. *See McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1245 (D. Colo. 2011).

B.      **Personal Jurisdiction**

Defendant Watts contends that the Court lacks personal jurisdiction over him. As the National Inmate Appeals Administrator for the United States Department of Justice, Federal Bureau of Prisons, Defendant Watts lives and works in Washington, D.C. *Decl. of Watts* [#109-2] ¶¶ 1, 4. He argues that he had no personal involvement with any decision with respect to the medical care received by Plaintiff and that there are no

---

plaintiff's failure to respond to the motion to dismiss without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. App'x 127, 130 (10th Cir. 2003).

allegations that he has any medical knowledge or training or was directly involved in Plaintiff's medical treatment decisions. *Motion to Dismiss* [#108] at 4.

Under some circumstances, case law supports Defendant Watts' general argument that this Court does not have personal jurisdiction over him, because he lacks the required minimum contacts with Colorado to satisfy Due Process. *See, e.g.*, *Durham v. Lappin*, No. 05-cv-01282-MSK-MEH, 2006 WL 2724091 (D. Colo. 2006) (finding no personal jurisdiction over regional directors who signed off on denials of the plaintiff's grievances); *Cuoco v. Hurley*, No. 98-D-2438, 2000 WL 1375273 (D. Colo. 2000) (finding no personal jurisdiction over regional director who reviewed the plaintiff's appeal).

Here, however, Plaintiff has specifically alleged that Defendant Watts purposefully interfered with Plaintiff's administrative appeal by removing the copy of his regional BP-10 appeal from his Central Office BP-11 appeal, and then by returning the BP-10 appeal to Plaintiff while asserting that the BP-11 appeal was deficient. *Motion to Am.* [#29] at 1. Plaintiff alleges that this interference directly harmed him because it prevented him from completing the mandatory grievance process with respect to his medical care. *Id.* at 1-2. Because Plaintiff has alleged that Defendant Watts purposefully directed activities toward Plaintiff in Colorado and that Plaintiff was injured as a result of Defendant Watts' forum-related activities, the Court therefore finds that it has personal jurisdiction over Defendant Watts, in both his individual and official capacities. *See Arocho v. Nafziger*, 367 Fed. App'x 942, 949 (10th Cir. 2010). Accordingly, the Court recommends that Defendant Watts' Motion to Dismiss for lack of personal jurisdiction be denied.

**C.    Summary Judgment**

Setting aside for the moment Defendant Watts' arguments made pursuant to Fed.

-10-

R. Civ. P. 12(b)(6) in his Motion to Dismiss, the Court next turns to Defendant Watts' Motion for Summary Judgment. Defendant Watts contends that he is entitled to summary judgment in his favor because the undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies as required by the PLRA before filing this case. *MSJ* [#109] at 7-9. The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner plaintiff is not required to specifically plead that he has exhausted his available administrative remedies or to attach exhibits proving exhaustion to his complaint. *Jones*, 549 U.S. at 216. The burden is therefore on defendants to raise failure to exhaust as an affirmative defense in a motion for summary judgment. *Id.* If the evidence produced by the parties shows that there are no genuine factual issues preventing a finding that the plaintiff did not properly exhaust his available administrative remedies, the complaint must be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 n.1 (D. Kan. Apr. 16, 2008) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment

should be without prejudice)).

Prison facilities are tasked with the responsibility of establishing administrative review procedures for addressing prisoner grievances. To satisfy the PLRA exhaustion requirement, a prisoner plaintiff "must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88); *see also id.* ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001))). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to properly exhaust," *Jones*, 549 U.S. at 218, but compliance must be **complete**, i.e., the inmate must abide by **all** of the "agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90-91. Complete compliance is required "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* Accordingly, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The Bureau of Prisons ("BOP") grievance procedures applicable to this case are described in the affidavit of BOP Senior Attorney Theresa Montoya. *Decl. of Montoya*

-12-

[#109-1]. Pursuant to the BOP's grievance policy, inmates must grieve any alleged injuries or unlawful conduct by pursuing a four-step process: (1) the inmate must attempt informal resolution with prison staff; (2) after receiving a response from the prison staff, the inmate must appeal the response to the warden; (3) upon completion of the warden's review, the inmate must appeal the warden's decision to the BOP regional director; and (4) finally, the inmate must fully exhaust his administrative remedies by appealing the regional director's decision to the BOP General Counsel's Office in Washington, D.C. (hereinafter, the "Central Office"). *Id.* ¶ 3. Each step of this process ordinarily must be completed within a certain time period or the inmate's grievance is considered waived. *Id.* If an inmate fails to follow proper procedure or timely file any of the required appeals, his grievance will be rejected. *Id.* ¶ 5.

Defendant Watts contends that it is undisputed that Plaintiff "did not exhaust his claims against Defendant Watts at any of the three levels of the administrative process . . . including that Defendant Watts interfered with his attempt to exhaust his administrative appeal 589160-A1." *Motion for Summary Judgment* [#109] at 8. In support of this contention, Defendant Watts cites the affidavit of Ms. Montoya in which she states that BOP tracks the grievances filed by inmates, and that Plaintiff has not exhausted his administrative remedies with respect to any claim asserted against Defendant Watts. *Decl. of Montoya* [#109-1] ¶ 10. The final step in the four-step grievance process requires that Plaintiff file a BP-11 appeal with the Central Office Administrative Remedy section. *Id.* ¶¶ 3, 7. Ms. Montoya states as follows: "The plaintiff did not file an administrative remedy regarding any of his claims against Defendant Watts including that Defendant Watts interfered with his attempts to exhaust his administrative remedy appeal 589160-A1.

-13-

Further, Defendant Watts does not process claims at the Regional BP-10 level." *Id.* ¶ 10.

The Court finds that Defendant Watts has met his initial burden of making a prima facie showing that Plaintiff failed to properly exhaust his administrative remedies with BOP. The burden therefore shifts to Plaintiff to show the existence of a genuine factual dispute about whether he properly exhausted. To carry this burden, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial." *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988).

In spite of the District Judge's explicit direction to do so, Plaintiff failed to file a Response in opposition to the Motion. Regardless, due to Plaintiff's status as a *pro se* litigant, the Court reviews evidence presented by Plaintiff elsewhere in this matter. Having done so, the Court finds that Plaintiff has not carried his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies with respect to Defendant Watts. Plaintiff attached to his Response to Defendants' Motion for Summary Judgment [#86] voluminous documentation of his correspondence with BOP, but none of these documents suggests that he did in fact file any grievance against Defendant Watts. Plaintiff has not attached a copy of any relevant grievance forms. Moreover, Plaintiff has not made any specific factual allegations (e.g., the date when he allegedly filed a grievance against Defendant Watts) that support his position. Plaintiff therefore has not provided the Court with "actual evidence that would allow it to conclude that [a grievance] was in fact submitted." *Allen v. Schmutzler*, No. 07-cv-01224, 2010 WL 618489, at *6 (D. Colo. Feb. 18, 2010).

The PLRA requires "**strict compliance**" with BOP's administrative grievance procedures. *Chavez v. Thorton*, No. 05-cv-00607, 2008 WL 2020319, at *4 (D. Colo. May

9, 2008) (holding that an inmate's handwritten letter complaining about prison conditions did not comply with the prison's grievance procedure because it was not drafted on a required grievance form). The decisions of the Supreme Court and the Court of Appeals for the Tenth Circuit have made it very clear that compliance with prison grievance procedures must be **exact**, even when such compliance is burdensome or procedurally complex. *See Jernigan*, 304 F.3d at 1032 (explaining that "substantial compliance" with administrate remedy procedures is inadequate, and expressly rejecting the argument that "'inmates do not have to properly complete the grievance process, [or] correct [procedural] deficiencies'" (quoting an inmate plaintiff's brief)).

Here, even if Plaintiff's attempts to secure a remedy for his grievances were repeatedly thwarted by Defendant Watts at the BP-10 or BP 11 level, Plaintiff failed to exhaust the grievance process against Defendant Watts at the BP-9 level. *See* 42 U.S.C. § 1997e(a) (stating that prisoners must exhaust all *available* remedies). Although a remedy is not available if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy," there is no allegation by Plaintiff, or any other indication, that any prison official attempted to hinder Plaintiff at the initial BP-9 filing level. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Plaintiff therefore failed to exhaust his available administrative remedy as to his grievances against Defendant Watts.

It is not the Court's place to second guess the necessity or wisdom of administrative grievance procedures like BOP's requirement that an inmate properly complete four steps. *See Wright*, 260 F.3d at 358 (noting that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems"); *see generally Mower v. Swyhart*, 545 F.2d 103, 104 (10th Cir. 1976) ("Where

[an] administrative remedy is clearly available, it would be totally inappropriate for [a] court to interfere in the internal administration of [a] prison." (citation omitted)). The avenues to comply with BOP's grievance procedure are well articulated. The record is devoid of evidence to refute Ms. Montoya's affidavit stating that Plaintiff failed to exhaust his administrative remedies with respect to the conduct at issue by Defendant Watts. *See Decl. Montoya* [#109-1] ¶ 10. Accordingly, the Court concludes that Defendant Watts is entitled to entry of summary judgment in his favor.

### D.   Prior Recommendation

On March 7, 2012, the District Judge requested that the undersigned reconsider the Recommendation [#94] on Defendants' Motion for Summary Judgment in light of Defendant Watts' responsive pleading. *See Order* [#107] at 8-9. The Court previously recommended granting Defendants' Motion for Summary Judgment [#86] based on the lack of a genuine issue of material fact regarding Plaintiff's satisfaction of the PLRA's exhaustion requirements. *Recommendation* [#94].

Plaintiff sought to amend his Complaint to add Defendant Watts on February 3, 2011, at which time he stated his assertion that Defendant Watts interfered with the grievance process. *Motion to Am.* [#29] at 1. On May 20, 2011, Defendants other than Defendant Watts (who had not yet been properly served), filed a Motion for Summary Judgment which was based solely on the argument that Plaintiff failed to exhaust his administrative remedies. *Motion for Summary Judgment* [#86]. Liberally reading Plaintiff's Response, the Court found that Plaintiff raised only three arguments against the exhaustion argument: 1) that Plaintiff did in fact properly file administrative grievances "at all levels of review;" 2) that he submitted all appropriate grievances but that they were "not responded

to at all;" and 3) that he filed "at least 59 grievances, letters, complaints, internal affairs statements, written request slips and numerous documents" that should be sufficient to satisfy the exhaustion requirement. *Response* [#90] at 3-5; *Recommendation* [#94] at 7-8. Plaintiff failed to mention Defendant Watts or to make any allegations related to him in his Response, even though he had already alleged elsewhere that he was not permitted to complete the grievance process because of Defendant Watts' actions. *See Response* [#90]. Further, even were the Court to read into Plaintiff's Response [#90] the argument Plaintiff made elsewhere against Defendant Watts, Plaintiff provided no evidence in response to Defendant Watts' Motion for Summary Judgment to support his assertion that he was prevented from filing at the Central Office BP-11 level of appeal.

Accordingly, based on the record before it, the Court finds that no change should be made to its prior Recommendation [#94].

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Watts' **Motion to Dismiss** [#108] be **GRANTED IN PART, DENIED IN PART and DENIED AS MOOT IN PART** and that Defendant Watts' **Motion for Summary Judgment** [#109] be **GRANTED**.

The Court FURTHER **RECOMMENDS** that this case be **DISMISSED without prejudice**. *See Fields*, 511 F.3d at 1113 (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 13, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge