IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-02504-DME-KLM

THOMAS RADICK,

      Plaintiff,

v.

MARK IPPOLITO, Health Services Administrator, FCI Englewood,
DR. KRAUSE, Physician, FCI Englewood,
MR. GARZA, Physician's Assistant, FCI Englewood,
NURSE WAGONER, Nurse, FCI Englewood,
MRS. LEYBA, Administrative Hearing Officer, FCI Englewood,
MR. WALDO, Case Manager, FCI Englewood,
MS. DONSANJ, Unit Manager, FCI Englewood, and
MR. WATTS, F.B.O.P. Administrative Remedy Coordinator, Central Office, in his official and individual capacity,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on a Motion for Summary Judgment by Defendants Ippolito, Krause, Garza, Wagoner, Leyba, Waldo, and Donsanj (the "Englewood Defendants") (Doc. 86);[1] a Motion to Dismiss by Defendant Watts (Doc. 108); a Motion for Summary Judgment by Defendant Watts (Doc. 109); and Magistrate Judge Kristen L. Mix's Recommendation (Doc. 111) regarding Defendant Watts's motions. The Magistrate Judge recommends that Defendant Watts's Motion to Dismiss be granted in part, denied in part, and denied as moot in part. The Magistrate Judge further recommends granting Defendant Watts'

---

[1] In an earlier order (Doc. 107), the Court deferred ruling on this motion until after Defendant Watts had filed his responsive pleadings.

Motion for Summary Judgment.  Finally, the Magistrate Judge reaffirms her earlier Recommendation (Doc. 94) on the Englewood Defendants' Motion for Summary Judgment.  Plaintiff filed no response to Defendant Watts's motions.  Plaintiff did not file any objections to the Magistrate Judge's Recommendation, and the time to do so has now passed.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Upon receiving a magistrate judge's recommendation for disposition of a dispositive motion, the district court may accept, reject, or modify the recommended disposition.  See 28 U.S.C. § 636(b)(1).  A party's failure to object to a magistrate judge's recommendation may result in waiver of the right to challenge the recommendation.  See United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); see also Vega v. Suther, 195 F.3d 573, 579–80 (10th Cir. 1999) (applying the firm waiver rule in the appellate context).  But see Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005) (explaining that the firm waiver rule does not apply on appeal when "(1) a pro se litigant was not informed of the timeframe for objection and the consequences of failure to object, or (2) the 'interests of justice' require review").  Here, Magistrate Judge Mix's Recommendation clearly informed Plaintiff of the timeframe for objection and the consequences of failure to object.  See Doc. 111 at 17-18.

"In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."  Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991).  Indeed, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R.

Civ. P. 72 advisory committee's note. Having satisfied itself that there is no clear error on the face of the record, the Court ADOPTS the Magistrate Judge's thorough and well-reasoned Recommendation.

The Court agrees with the Magistrate Judge that Plaintiff has failed to create a genuine dispute as to whether he failed to exhaust administrative remedies as to his claim against Defendant Watts or his claim against the Englewood Defendants. With respect to the claim against the Englewood Defendants, the Court concludes further that although failure to exhaust administrative remedies should be excused when it is due to the "action or inaction of prison officials," Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010), it is the Plaintiff's burden to prove that such is the case, and that burden is not met here. See Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him as a result of [affirmative misconduct] by prison officials." (emphasis added)).

Having now reviewed Defendant Watts' declaration, and in light of Plaintiff's failure to respond to Defendant Watts's motions, the Court finds that Plaintiff has not demonstrated that his failure to exhaust administrative remedies with respect to his Eighth Amendment Claim against the Englewood Defendants should be excused. As pertinent to this claim, Plaintiff filed only one appeal at the Central Office (Appeal No. 589160-A1). Watts's declaration confirms that Appeal No. 589160-A1 was rejected for three reasons: failure to include a copy of his Regional Appeal (the "BP-10"); failure to include a copy of his institutional request (the "BP-9"); and failure to use the proper form. Plaintiff's sole argument that his failure to exhaust should be excused was that Watts removed the BP-10 from the Central Office appeal and mailed

it back to Plaintiff, while claiming that the BP-10 was missing. (Defendant Watts, in his declaration, denies having done so.) Plaintiff makes no allegations with respect to the BP-9, nor has he alleged or introduced any evidence that the BP-9 was actually included in Appeal No. 589160-A1. Accordingly, even if it were true that Watts removed the BP-10 and mailed it back to Plaintiff, it would remain undisputed that Appeal No. 589160-A1 was deficient, and thus it would also remain undisputed that Plaintiff did not exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." (internal citation, quotation marks omitted)).

Accordingly, summary judgment is properly granted to all Defendants. See Fed. R. Civ. P. 56(a).

IT IS THEREFORE ORDERED THAT:

1. The Magistrate Judge's Recommendation (Doc. 111) is ADOPTED IN FULL, and shall incorporate by reference the Magistrate Judge's earlier Recommendation (Doc. 94).

2. The Motion for Summary Judgment filed by Defendants Ippolito, Krause, Garza, Wagoner, Leyba, Waldo, and Donsanj (Doc. 86) is GRANTED.

3. Defendant Watts' Motion to Dismiss (Doc. 108) is GRANTED IN PART, DENIED IN PART (as to the assertion challenging personal jurisdiction), and DENIED AS MOOT IN PART.

4. Defendant Watts' Motion for Summary Judgment (Doc. 109) is GRANTED.

5.  This action is DISMISSED without prejudice.

Dated this     28th     day of        September       , 2012.

                                                    BY THE COURT:

                                                    *s/ David M. Ebel*

                                                    U. S. CIRCUIT COURT JUDGE